**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESTER DECKER, | No. 14-15051 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00287-LRH-WGC |
| v. | |
| BARRICK GOLDSTRIKE MINES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 11, 2016[**]
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

This is an employment discrimination action. Plaintiff Lester Decker appeals

from the district court's order granting summary judgment to defendant Barrick

Goldstrike Mines ("Barrick") as to his claims under the Age Discrimination in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1), and Title VII the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1) ("Title VII"). We **AFFIRM**.

Decker is a Native American man, and was 57 years of age at the time of the events that gave rise to this action. Decker was employed by Barrick—a mining company—as an equipment operator, and had worked for the company for eighteen years. Decker claims that he was terminated as a result of age and race discrimination. Barrick claims that it terminated Decker in response to his willful violation of company safety policies. Decker drove a bus carrying eight crew members up a ramp that he was specifically advised to avoid because it was closed to "haul traffic." He continued to drive the bus even when blinded by the sun, and ultimately crashed into a construction site, causing over $20,000 in damage to the bus and injuries to many of the passengers.

This Court reviews a district court's grant of summary judgment de novo. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1408 (9th Cir. 1996). Viewing the evidence in the light most favorable to the nonmoving party, the Court must determine whether there are any genuine issues of material fact which would preclude summary judgement, and whether the district court correctly applied the substantive law. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir. 2003).

1. The district court erred in holding that Barrick's non-discriminatory reason for termination—Decker's violation of various company policies which caused the bus accident—precluded Decker from making a prima facie showing that he was performing the job satisfactorily under the ADEA and Title VII. Specifically, the trial court misapplied the *McDonnell Douglas* framework by confusing the minimal showing a plaintiff must make at the prima facie stage with the more substantial showing required at the pretext stage. *See Aragon v. Republic Silver State Disposal Inc.* 292 F.3d 654, 659 (9th Cir. 2002); *Lynn v. Regents of Univ. of Cal.*, 656 F.2d 1337, 1344 (9th Cir. 1981). Decker introduced evidence showing that aside from a small number of safety violations, his eighteen-year tenure with Barrick was unblemished. It is also undisputed that he possessed the requisite training, experience, and knowledge to perform the job satisfactorily. This is a sufficient prima facie showing of qualification to survive summary judgment. *See Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1208 (9th Cir. 2008); *Lynn*, 656 F.2d at 1342; *Aragon*, 292 F.3d at 659-60.

2. This district court similarly erred in holding that Decker failed to make a prima facie showing that he was treated less favorably than similarly situated non-Native American employees. Decker pointed to non-Native American employees who were

not terminated after committing safety violations. This was sufficient to make a prima facie showing. *See Aragon*, 292 F.3d at 660, 663-64; *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1158 (9th Cir. 2010).

3. However, we ultimately affirm the district court's ruling because Decker failed to raise a triable issue of fact as to whether Barrick's proffered reason for terminating him was a pretext for discrimination on the basis of his age or Native American heritage. The bulk of Decker's evidence in support of his case consists of a litany of safety violations committed by younger and/or non-Native American employees that did not result in termination. However, Decker failed to show that these other employees were similarly situated "in all material respects." *Hawn*, 615 F.3d at 1157 (citation omitted). Many did not "have similar jobs and display similar conduct" as Decker. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). In other cases, Decker simply failed to introduce evidence of the age or race of the alleged comparators.

4. Decker's proffered evidence of discriminatory animus is also unavailing. Decker testified that his supervisor, Steve Lindskog, called him "old man" on several occasions and also made inappropriate racial jokes that characterized Native

Americans as being unemployed alcoholics. However, Decker admitted that he had no reason to believe that Lindskog harbored any ill-will towards him on account of his Native American heritage or age. Furthermore, while Lindskog's racial comments in particular evince a lamentable degree of intolerance, this Court has distinguished between derogatory statements that are linked to the adverse employment action from those that are merely impolitic expressions of personal prejudice. We have held that a supervisor's discriminatory comments "are only significant because they originate from a person with influence over the termination decision." *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1142 (9th Cir. 2003); *see also France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015) (citing *Merrick v. Farmers Ins. Grp.,* 892 F.2d 1434, 1438 (9th Cir.1990)); *Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918-19 (9th Cir. 1996). Lindskog was neither a signatory to the report which recommended Decker's termination, nor was he the final decision-maker who ultimately adopted the report's recommendation. His unsavory comments therefore do not constitute direct evidence of discriminatory animus. *See also Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1051 (9th Cir. 1987).

5. Decker has therefore failed to introduce direct evidence of discrimination or "specific and substantial" circumstantial evidence that Barrick's proffered legitimate reason for termination was pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062-63 (9th Cir. 2002).  Accordingly, we **AFFIRM**.