**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN M. FRANCE,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>JEH JOHNSON,[*] Secretary,<br>Department of Homeland Security,<br>*Defendant-Appellee*. | No. 13-15534<br><br>D.C. No.<br>4:10-cv-00574-<br>JGZ<br><br>ORDER AND<br>AMENDED<br>OPINION |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Argued and Submitted
June 9, 2015—San Francisco, California

Filed August 3, 2015
Amended October 14, 2015

Before: Barry G. Silverman, Ronald M. Gould,
and Andrew D. Hurwitz, Circuit Judges.

Order;
Opinion by Judge Gould

---

[*] Jeh Johnson is substituted for his predecessor, Janet Napolitano, as Secretary of the Department of Homeland Security, pursuant to Federal Rule of Appellate Procedure 43(c).

# SUMMARY[**]

## Age Discrimination in Employment Act

The panel reversed the district court's summary judgment in favor of the United States Department of Homeland Security in an action by a border patrol agent alleging violation of the Age Discrimination in Employment Act ("ADEA").

The plaintiff alleged that the agency's decision to not promote him was age discrimination in violation of the ADEA.

The panel held that the plaintiff established a prima facie case of age discrimination. Specifically, the panel adopted the Seventh Circuit's approach which held that an age difference of less than ten years between the plaintiff and the replacements creates a rebuttable presumption that the age difference was insubstantial. The panel concluded that the plaintiff, although less than ten years older than his replacements, established a prima facie case of age discrimination by showing that the agency considered age in general to be significant in making its promotion decisions, and that the Tucson Chief Patrol Agent considered plaintiff's age specifically to be pertinent in considering plaintiff's promotion.

The panel agreed with the district court's conclusion that the agency articulated legitimate, nondiscriminatory reasons

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

for not selecting plaintiff, namely, that plaintiff's qualifications did not meet the leadership and judgment required of the GS-15 positions.

The panel held that the district court erred in granting summary judgment, and in finding that plaintiff did not show a genuine dispute of material fact on whether the agency's nondiscriminatory reasons were pretextual. Specifically, the panel held that there was a genuine dispute of material fact as to whether the Chief Patrol Agent influenced or was involved in the hiring decisions of the GS-15 positions, despite that he was not the final decisionmaker. The panel also held that the district court erred in finding that the Chief Patrol Agent had a limited role in the decisionmaking process. Finally, the panel held that the district court erred in not considering the Chief Patrol Agent's retirement discussions with plaintiff in assessing whether the articulated nondiscriminatory reasons were pretextual.

**COUNSEL**

Jeffrey H. Jacobson (argued), Jacobson Law Firm, Tucson, Arizona, for Plaintiff-Appellant.

Robert L. Miskell (argued), Assistant United States Attorney, Appellate Chief, John S. Leonardo, United States Attorney, District of Arizona, Tucson, Arizona, for Defendant-Appellee.

## ORDER

The Appellee's Petition for Panel Rehearing is **GRANTED**.

The opinion filed on August 3, 2015, and published at 795 F.3d 1170, is hereby amended as follows:

On page 1172, the phrase <Summary judgment is improper if a reasonable jury could find> should be replaced with <Summary judgment is improper if a reasonable fact finder could find>.

On page 1176, the phrase <A reasonable jury could infer that Gilbert> should be replaced with <A reasonable fact finder could infer that Gilbert> and the phrase <A reasonable jury could infer that Gilbert's role> should be replaced with <A reasonable fact finder could infer that Gilbert's role>.

On page 1177, the phrase <The close proximity in time could allow a reasonable jury to find> should be replaced with <The close proximity in time could allow a reasonable fact finder to find>.

## OPINION

GOULD, Circuit Judge:

John France appeals the district court's entry of summary judgment in favor of the United States Department of Homeland Security in this action alleging violation of the

Age Discrimination in Employment Act ("ADEA").[1] We review a grant of summary judgment *de novo*. *See Pac. Shore Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013). Viewing the evidence in the light most favorable to France, the non-moving party, we must decide whether there are any genuine disputes of material fact and whether the district court correctly applied the substantive law. *See Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). Because there are genuine disputes of material fact and the district court erred in applying our precedents, we reverse and remand for further proceedings.

# I

France is a border patrol agent assigned to the Tucson Sector of Border Patrol, an agency of the United States Department of Homeland Security. In March 2007, the newly appointed Tucson Sector Chief Patrol Agent, Robert Gilbert, established a pilot program named "Architecture for Success," which split Assistant Chief Patrol Agents ("ACPA") into two categories: operations and administration. ACPAs in administration would be assigned a pay grade of GS-14, and ACPAs in operations a pay grade of GS-15. Before the pilot program, all ACPAs, including France, were at the GS-14 pay grade.

Four GS-15 ACPA positions were created as a result of the pilot program, and a vacancy announcement for these positions was posted in January 2008. Twenty-four eligible candidates applied. The applicants' ages ranged from 38 to

---

[1] The district court entered summary judgment on France's age discrimination and retaliation claims, but France only appeals the judgment on his age discrimination claim.

54 years, and France, 54 years old at the time, was the oldest. The selection process commenced by ranking the applicants by their scores from the Border Patrol Agent Competency Based Promotional Assessments. Gilbert then invited twelve candidates for interviews in Washington, D.C.

The panel of interviewers consisted of Chief Patrol Agents Gilbert, Vitiello, and Fisher. After the interviews, the panel selected six top-ranked candidates for final consideration; France was not selected. Gilbert recommended four of the six to Chief Border Patrol Agent David Aguilar, who in turn recommended the same four candidates to Deputy Commissioner Jayson Ahern. When the selection was made, France was 54 years old, and the four selected candidates, all of whom were in the top-ranked group, were 44, 45, 47, and 48 years old.

In September 2010, France sued the agency, alleging that the agency's decision to not promote him was age discrimination in violation of the ADEA. After discovery, the agency moved for summary judgment and offered nondiscriminatory reasons for not promoting France. Gilbert said that France lacked the leadership and judgment for the GS-15 positions. Aguilar gave six reasons why he did not recommend promoting France, including France's lack of leadership, flexibility, and innovation.

In opposition to the agency's motion for summary judgment, France produced evidence to show that the agency's nondiscriminatory reasons were pretexts of discrimination. The salient evidence was both direct and circumstantial: First, France declared under the penalty of perjury that in a staff meeting, Gilbert expressed his preference for "young, dynamic agents" to staff the GS-15

positions. ACPA Alfred Salacup confirmed that he had heard this comment from Gilbert. Second, France declared that Gilbert had repeated retirement discussions with him, despite France's clear indications that he did not want to retire. For example, during a meeting in June 2007, Gilbert asked if France was interested in teaching firearms as a "rehired annuitant" after retirement, but France said he did not want to retire. A few months later, Gilbert again asked what France wanted to do, and France said that he "was not going to retire and that [he] was going to apply for the GS15 positions." France recalled that Gilbert had responded that if he were in France's position, he would retire as soon as possible. Third, France offered testimony from ACPAs Nicley and Salacup about Chief Border Patrol Agent Aguilar's preference to promote younger, less experienced agents.

The district court concluded that although France established a prima facie case of age discrimination, he did not demonstrate a genuine dispute of material fact on the agency's nondiscriminatory reasons for not selecting him. The district court granted summary judgment in favor of the agency. France timely appeals.

## II

The ADEA makes it unlawful for an employer to discriminate "because of [an] individual's age." 29 U.S.C. § 623(a)(1). The ADEA protects federal employees and applicants for federal employment who are at least 40 years of age. *See id.* §§ 631(a), 633a(a). In deciding a motion for summary judgment, a court should not weigh the evidence or determine the truth of the matter; it should only determine whether there is a genuine dispute of fact for trial. *See Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 410 (9th Cir.

1996).  Summary judgment is improper if a reasonable fact finder could find by a preponderance of the evidence that France is entitled to a verdict in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

When a plaintiff opposing summary judgment presents direct evidence of a discriminatory motive, we do not assess the direct evidence in the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004).  "Direct evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the *fact finder* to infer that that attitude was more likely than not a motivating factor in the employer's decision."  *Id.* (internal quotation marks omitted).  Direct evidence, which standing alone can defeat summary judgment, must be evidence directly tied to the adverse employment decision.  *See, e.g.*, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985) (finding direct evidence of age discrimination when the method of transfer available to a disqualified captain depends on his age); *Ezell v. Potter*, 400 F.3d 1041, 1051 (7th Cir. 2005) (finding direct evidence when the employer told a new hire that they intended "to get rid of older carriers and replace them with younger, faster carriers"); *Enlow*, 389 F.3d at 812 (finding direct evidence of age discrimination when a taxi driver 73 years old was terminated because the company's insurance policy did not cover employees older than the age of 70); *Am. Ass'n of Retired Persons v. Farmers Grp., Inc.*, 943 F.2d 996, 1000 n.7 (9th Cir. 1991) (noting that the *McDonnell Douglas* framework is inapplicable "when a [pension plan] provision is discriminatory on its face").  In

contrast, stray remarks not directly tied to the decision-making process are not direct evidence capable of defeating summary judgment. *See Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990).

The district court concluded that France did not present direct evidence to establish an inference of age discrimination. This is a close question. Gilbert's repeated retirement discussions with France are not direct evidence showing that Gilbert would not consider France for the GS-15 position, but rather circumstantial evidence showing Gilbert's bias in his decisionmaking process. On the other hand, the statement by Gilbert about his preference for "young, dynamic agents" to staff the GS-15 positions probably goes beyond a stray remark, *see Ezell*, 400 F.3d at 1051, although standing alone this evidence would be thin support to create a genuine dispute of material fact. In this case where France presented both some direct evidence and some circumstantial evidence, it is most appropriate to consider the propriety of summary judgment under the *McDonnell Douglas* framework. *See Shelley v. Geren*, 666 F.3d 599, 607 (9th Cir. 2012); *Enlow*, 389 F.3d at 812.

## III

### A

Under the *McDonnell Douglas* framework, a plaintiff must carry the initial burden to establish a prima facie case that creates an inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the employee establishes a prima facie case, an inference of discrimination arises and the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its employment action. *Id.* If

the employer does so, the burden shifts back to the employee to prove that the employer's explanation is a pretext for discrimination. *Id*.

We first address whether France has established a prima facie case of age discrimination. "In a failure-to-promote case, a plaintiff may establish a prima facie case of discrimination in violation of the ADEA by producing evidence that he or she was (1) at least forty years old, (2) qualified for the position for which an application was submitted, (3) denied the position, and (4) the promotion was given to a substantially younger person." *Shelley*, 666 F.3d at 608. The agency does not dispute that the first three prongs were shown, but contends that the fourth prong was not satisfied because the selected ACPAs were not substantially younger than France.

At the time of the promotion decisions, France was 54 years old and the four selected ACPAs were 44, 45, 47, and 48 years old, so the average age difference between France and the selected ACPAs was eight years. Were the eight-year age difference all the evidence before us, it would not be sufficient to satisfy the fourth prong. A majority of circuit courts interpreting the fourth prong have held that an age difference of less than ten years, without more evidence, is insufficient to make a prima facie case of age discrimination. *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 338–39 (6th Cir. 2003) (collecting cases from various circuits). The Seventh Circuit has held that an age difference of less than ten years creates a rebuttable presumption that the age difference is insubstantial. *Hartley v. Wisc. Bell*, 124 F.3d 887, 893 (7th Cir. 1997).

We agree that it is a reasonable and workable rule, so we adopt the Seventh Circuit's rebuttable presumption approach. We hold that an average age difference of ten years or more between the plaintiff and the replacements will be presumptively substantial, whereas an age difference of less than ten years will be presumptively insubstantial.[2] *Id.* Here, the average age difference between France and the selected ACPAs is eight years, which is presumptively insubstantial.

But our analysis does not end there. A plaintiff who is not ten years or more older than his or her replacements can rebut the presumption by producing additional evidence to show that the employer considered his or her age to be significant. *Id.* The plaintiff can produce either direct or circumstantial evidence to show that the employer considered age to be a significant factor.

France declared under penalty of perjury that Chief Gilbert explicitly expressed a preference for promoting younger agents. ACPAs Nicley and Salacup also testified that Chief Border Patrol Agent Aguilar preferred to promote "younger, less experienced agents." France further declared that Chief Gilbert had repeated retirement discussions with him soon before the posting of the GS-15 positions, in spite of France's personal inclination not to retire. In the total circumstances presented opposing summary judgment, we conclude that France, although less than ten years older than his replacements, has established a prima facie case of age

---

[2] We have previously applied this presumption and concluded that a 9.5 years' average age difference between the workers hired and those laid off was insufficient to establish a prima facie case of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1209 (9th Cir. 2008) (citing *Hartley*, 124 F.3d at 893).

discrimination by showing that the agency considered age in general to be significant in making its promotion decisions, and that Gilbert considered France's age specifically to be pertinent in considering France's promotion.

**B**

The agency contends that it decided not to promote France because France's qualifications did not meet the leadership and judgment required for the GS-15 positions. Gilbert stated that France had a big mouth and did not know "when to turn it on or off," and these weaknesses caused him to fail the interview. Aguilar gave six reasons why he did not recommend France to Chief Ahern, including France's lack of leadership, flexibility, and innovation. France did not challenge the legitimacy of the agency's nondiscriminatory reasons in his opening brief, and arguments not raised in the opening brief are waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). We agree with the district court's conclusion that the agency has articulated legitimate, nondiscriminatory reasons for not selecting France.

**C**

We come to the crux of this case. Once the agency has articulated legitimate, nondiscriminatory reasons for its decision, as it did here, the burden shifted to France to raise a genuine dispute of material fact as to pretext to avoid summary judgment. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). A plaintiff asserting age discrimination can "demonstrate pretext in either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered

explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011). France's direct evidence, standing alone, is insufficient to defeat the agency's motion for summary judgment. When the plaintiff has some direct evidence but also must rely on circumstantial evidence to show pretext, we treat direct and circumstantial evidence alike, *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003), and we consider both types of evidence cumulatively, *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1194 (9th Cir. 2003).

We have said that the circumstantial evidence relied on by the plaintiff must be "specific" and "substantial." *See Goodwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1222 (9th Cir. 1998). There is some question whether that distinction for circumstantial evidence is valid after the Supreme Court's *Costa* decision which placed direct and circumstantial evidence on an equal footing. *See Costa*, 539 U.S. at 100; *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029–30 (9th Cir. 2006). Indeed, this "specific and substantial" standard "is tempered by our observation that a plaintiff's burden to raise a triable issue of pretext is hardly an onerous one." *Earl*, 658 F.3d at 1113 (internal citations and quotation marks omitted). We have repeatedly held that it should not take much for a plaintiff in a discrimination case to overcome a summary judgment motion. *See, e.g.*, *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 499 (9th Cir. 2015); *Diaz*, 521 F.3d at 1207; *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008); *Metoyer v. Chassman*, 504 F.3d 919, 939 (9th Cir. 2007); *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1042 (9th Cir. 2005); *Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 (9th Cir. 2000). "This is because the ultimate question is one that can

only be resolved through a searching inquiry—one that is most appropriately conducted by a factfinder, upon a full record." *Chuang*, 225 F.3d at 1124 (internal quotation marks omitted).

The district court concluded that Gilbert's discriminatory statements were insufficient to create a genuine dispute of material fact because Gilbert had a limited role in the ultimate hiring decision. The district court erred in two respects. First, as a matter of law, to create a genuine dispute of material fact on pretext, a speaker of discriminatory statements need not be the final decisionmaker of an employment decision. *See, e.g.*, *Poland v. Chertoff*, 494 F.3d 1174, 1182 (9th Cir. 2007); *Dominguez-Curry*, 424 F.3d at 1039–40; *Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005).

In *Poland*, referring to the "cat's paw metaphor," we held that even if a subordinate employee with bias was not the final decisionmaker, the plaintiff can establish a causal link by proving that "the biased subordinate influenced or was involved in the decision or decisionmaking process." 494 F.3d at 1182. Here, France produced evidence showing Gilbert's influence and substantial involvement in the hiring decisions, including (1) that Gilbert was the person who created the GS-15 positions in the first place; (2) that other interviewers deferred to Gilbert because he will be supervising the promoted ACPAs; and (3) that Gilbert recommended the four finalists to Chief Aguilar, who then recommended the same people to Deputy Commissioner Ahern. Even though Aguilar and Ahern had the authority to change the finalists recommended by Gilbert, they did not do so, and in the total circumstances Gilbert's recommendations had substantial influence on the decision made, because both

Aguilar and Ahern deferred to Gilbert's recommendation. A reasonable fact finder could infer that Gilbert—the subordinate employee with a discriminatory animus—was involved in and influenced the hiring decisions.[3]    We conclude that there is a genuine dispute of material fact as to whether Chief Gilbert influenced or was involved in the hiring decisions of the GS-15 positions, despite that he was not the final decisionmaker.

Second, the district court erred in concluding that Gilbert had a limited role in the hiring decision.  Gilbert was the person who established the Architecture for Success pilot program and who created the GS-15 positions for which France applied.  Also, Vitiello, one of the three interviewers, said that he deferred to Gilbert at the interview because Gilbert would be supervising the selectees in the Tucson Sector.  Although Aguilar had the authority to change the finalists selected by Gilbert, Aguilar did not change them and deferred to Gilbert's selection.  A reasonable fact finder could infer that Gilbert's role in the decisionmaking process was significant and influential.  The district court should view the evidence and draw all inferences in the light most favorable to France, the non-moving party; the finding of fact, to the extent it runs contrary to the inferences that could have been drawn in favor of France, is inappropriate.  *See Zweig v. Hearst Corp.*, 594 F.2d 1261, 1264 n.3 (9th Cir. 1979).  We conclude that the district court erred in finding that Gilbert had a limited role in the decisionmaking process.

---

[3] In *Poland*, 494 F.3d at 1182, the higher level decisionmaker was not biased.  The circumstances here are stronger for France because the higher level decisionmaker, Aguilar, was also shown to have some ageist bias.  ACPAs Nicley and Salacup testified that Aguilar preferred to promote younger, less experienced agents.

Also, the district court did not consider Gilbert's repeated retirement discussions with France in assessing whether Gilbert's articulated nondiscriminatory reasons were pretextual. Although these retirement discussions standing alone are insufficient direct evidence of discrimination, the district court erred in disregarding this evidence, which was presented with circumstantial evidence, for the purpose of determining the agency's pretext. The timing of the retirement discussions is significant: The retirement talks occurred from June to November 2007; the GS-15 positions were posted a couple of months later in January 2008 and the promotion decisions were made in June 2008. The close proximity in time could allow a reasonable fact finder to find by a preponderance of the evidence that France's non-selection based on grounds other than age was pretextual. The district court may not weigh the evidence at the summary judgment stage but should focus on whether there are any triable issues of fact. *See Taybron v. City & Cnty. of S.F.*, 341 F.3d 957, 959 n.2 (9th Cir. 2003). The district court erred in granting summary judgment resting on an erroneous application of our precedents and in finding that France did not show a genuine dispute of material fact on whether the agency's nondiscriminatory reasons were pretextual.

**REVERSED and REMANDED.**