

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK J. SCHWARTZ, | No. 14-16365 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00709-JCM-VCF |
| v. | |
| CLARK COUNTY and JACQUELINE R. HOLLOWAY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Mark Schwartz appeals the district court's grant of summary judgment in

favor of defendants on his Americans with Disabilities Act ("ADA"), Age

Discrimination in Employment Act ("ADEA"), and § 1983 claims.  The district

court held that Schwartz failed to raise a genuine dispute of material fact as to

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir R. 36-3

whether his termination was motivated by his disability or his age, rather than by legitimate budgetary concerns. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

1. Schwartz has raised a genuine dispute of material fact as to whether his selection for a layoff was pretext for unlawful discrimination. The record evidence shows that Clark County hired Schwartz pursuant to an agreement settling a charge of discrimination he filed with the Nevada Equal Rights Commission. During his eighteen-year tenure in the Business Licensing Department, Schwartz consistently met or exceeded expectations and was "an exemplary team member," yet was isolated and ignored by the head of the department, Jacqueline Holloway.

The record also supports Schwartz's theory that Holloway manipulated the results of the Human Resources ("HR") study to single him out for a layoff: HR initially recommended title changes for only two of the six Management Analysts in the Business Licensing Department. After Holloway became involved, five of the six—all of whom were non-disabled and younger than Schwartz—either received or was offered a title change, while Schwartz remained classified as a Management Analyst. Holloway then laid off all of the Management Analysts in her department pursuant to the reduction in force. Additionally, during her deposition, Holloway repeatedly lied about her involvement in the HR study and

2

title change process:  Holloway testified that she learned of the HR study results just one month before they were finalized, and she had input only as to one "technical note."  However, internal memoranda reveal that Holloway received the study results more than nine months before they were finalized, and HR "invite[d] [her] comments or suggestions."  Similarly, Holloway testified that she was not aware that S.P. had been offered a title change.  But email correspondence shows that Holloway was aware of the proposed change.  In fact, when Holloway and Daniel Hoffman received push back from HR for S.P.'s proposed title change, one of Holloway's employees wrote and sent Holloway a statement defending it.  A reasonable jury could infer that this false testimony evinced Holloway's consciousness that she had unlawfully singled Schwartz out for the layoff.

Although "the circumstantial evidence relied on by the plaintiff must be specific and substantial" to defeat a motion for summary judgment, "a plaintiff's burden to raise a triable issue of pretext is hardly an onerous one."  *France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir.), *as amended on reh'g* (Oct. 14, 2015) (citations omitted).  Considering this and other evidence in the light most favorable to Schwartz, a reasonable jury could conclude that Holloway's explanation is

"unworthy of credence" and that Schwartz was, in fact, terminated because of his disability and/or age.  *Id.*[2]

2.  The district court also erred in granting summary judgment on Schwartz's § 1983 claim.  The district court held that Schwartz's parallel constitutional claim failed because he "provide[d] no evidence that a discriminatory policy or practice enacted by the municipality existed."  But Schwartz asserted a § 1983 claim only against Holloway, arguing that she abused her position to discriminate against him in violation of his rights to due process and equal protection.  The evidence supporting Schwartz's ADA and ADEA claims also raises a triable issue as to this claim.

**REVERSED AND REMANDED.**

_____

[2] The dissent emphasizes that Holloway never made negative comments about Schwartz's disability or age to Schwartz or his co-workers, thereby inferring that Holloway simply "was not particularly fond of" Schwartz.  As the Supreme Court has observed, however, contemporary discrimination tends to be more subtle than the "undisguised restrictions" and overt expressions of bias that were once commonplace.  *Ricci v. DeStefano*, 557 U.S. 557, 620 (2009).  And discrimination, "subtle or otherwise," is intolerable and unlawful.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801 (1973).



*Mark J. Schwartz v. Clark County and Jacqueline R. Holloway*, No. 14-16365

BEA, Circuit Judge, dissenting:

I respectfully dissent from the majority's decision to reverse the district court.

To prevail on a claim under the Americans with Disabilities Act ("ADA"), a plaintiff suing an employer must show that "he suffered an adverse employment action because of his disability." *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). Summary judgment is proper if the plaintiff fails to proffer evidence sufficient to support a finding that the employer's explanation for discharging the plaintiff was a pretext for disability discrimination. *Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1093-94 (9th Cir. 2001). Similarly, under the Age Discrimination in Employment Act ("ADEA"), the burden of proof "remains always on the former employee[] to show that [the employer] intentionally discriminated because of [his] age." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1280-81 (9th Cir. 2000). Here, Schwartz's theory is that the defendants discriminated against him when they laid him off. Schwartz has cerebral palsy and uses a motorized scooter to get around. He was 63 years old at the time he was laid off.

Schwartz has proffered evidence tending to show that his manager, Holloway, was not particularly fond of him. The evidence would allow a reasonable juror to conclude that Holloway assigned Schwartz to a desk far away from other managers. However, this does not tend to show that it was more likely than not that Schwartz was selected for layoff because of his age or disability. A reasonable juror could not so conclude. This is true even in light of the fact that Schwartz was hired as part of a settlement agreement entered into by the county nearly two decades before the countywide layoffs at issue here.

The majority points out that the evidence is sufficient to allow a reasonable juror to conclude that Holloway participated in a countywide employee reclassification study, and that Holloway sought to have five of six management analysts in her department reclassified with different job titles, *i.e.*, all of the management analysts in her department except Schwartz. One might think that Holloway did this because she did not like Schwartz. Even so, this evidence would not allow a reasonable juror to conclude that it was more likely than not that Holloway was motivated by animus based on Schwartz's age or disability. Holloway ultimately laid off several employees who were younger than Schwartz, and the hundreds of pages of deposition transcripts that Schwartz put before us reveal that neither he, nor Holloway, nor his coworkers ever testified that anyone

in the department made negative comments about age or disability. It seems particularly doubtful that Holloway was motivated by a dislike of disabled persons seeing as her sister also suffers from cerebral palsy and needs a wheelchair to get around.

The majority states that "Holloway repeatedly lied about her involvement in the HR study and title change process" such that the evidence "evinced Holloway's consciousness that she had unlawfully singled Schwartz out for the layoff" because of his age or disability. These "repeated lies" apparently consist of the following two discrepancies: First, Holloway's deposition testimony about when she found out about the reclassification study was undermined by countywide memos, addressed to her and others some months earlier, discussing the reclassification process. Second, Holloway testified that another employee, S.P., was not offered a title change during the reclassification study. This testimony was undermined by two emails sent to Holloway in 2009 discussing a proposed title change for S.P. A reasonable juror could conclude, in light of these memos and emails sent to Holloway and others, that Holloway's testimony might not be entitled to much weight. However, these memos and emails do not "evince" a "consciousness" on the part of Holloway that she "unlawfully singled Schwartz out for the layoff" because of his age or disability. The majority supplies this gloss. It is not supplied

3

by the facts.

Schwartz's evidence does not show that he was laid off "because of his disability," *Allen*, 348 F.3d at 1114, and it does not "show that [the employer] intentionally discriminated because of [his] age." *Coleman*, 232 F.3d at 1280-81. Therefore I would affirm the district court's grant of summary judgment in favor of the defendants.