NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK J. KILLIAN, | No. 15-56297 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00828-JLS-DHB |
| v. | |
| ASHTON B. CARTER,[*] et al. | MEMORANDUM[**] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted December 14, 2016[***]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Frederick J. Killian appeals pro se from the district court's summary

judgment in his employment action alleging discrimination in violation of the

---

[*]    Ashton B. Carter is substituted for his predecessor, Leon Panetta, as Secretary of Defense under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cotton v. City of Alameda*, 812 F.2d 1245, 1247 (9th Cir. 1987), and we affirm.

The district court properly granted summary judgment because Killian failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reason for declining to interview or hire him was pretext for discrimination on the basis of Killian's age. *See France v. Johnson*, 795 F.3d 1170, 1173-75 (9th Cir. 2015) (explaining burden shifting framework for analyzing an ADEA claim on summary judgment, and setting forth plaintiff's burden in raising a genuine dispute of material fact as to pretext); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1284-85 (9th Cir. 2000) (concluding stray remarks by members of management and unwise business judgments were not sufficient to raise a genuine dispute of material fact as to whether defendant's proffered reasons were pretextual).

We reject as without merit Killian's contentions regarding the district court's failure to hold a trial and handling of discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Killian's request that the court vacate testimony, set forth in his opening brief, is denied.

Killian's scheduling request, filed on June 20, 2016, is denied as unnecessary.

**AFFIRMED.**