**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE EDWARD COMMITTE, | No. 15-35386 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-01341-ST |
| v. | |
| OREGON STATE UNIVERSITY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding**

Submitted March 8, 2017***

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Bruce Edward Committe appeals pro se from the district court's summary judgment in his action under the Age Discrimination in Employment Act ("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*France v. Johnson*, 795 F.3d 1170, 1171 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Committe failed to raise a genuine dispute of material fact as to whether Oregon State University's legitimate, non-discriminatory reasons for declining to hire him as a professor were pretextual. *See id*. at 1173-75 (explaining burden shifting framework for analyzing an ADEA claim on summary judgment, and setting forth plaintiff's burden in raising a genuine dispute of material fact as to pretext).

The district court did not abuse its discretion in denying Committe's motion for leave to file a second amended complaint because the proposed amendments would have been futile. *See Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055, 1057 (9th Cir. 2009) (setting forth standard of review and explaining that "the ADEA precludes the assertion of age discrimination in employment claims, even those seeking to vindicate constitutional rights, under § 1983").

We do not consider matters not specifically and distinctly raised in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Committe's motion for extraordinary relief (Docket Entry No. 26) is denied.

The parties' motions requesting no oral argument (Docket Entry Nos. 19 and 22) are denied as moot.

**AFFIRMED.**

15-35386