**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BRAATEN, | No. 17-15394 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00174-LRH-WGC |
| v. | |
| NEWMONT USA LIMITED, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 12, 2018[**]
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and ILLSTON,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan Illston, United States District Judge for the
Northern District of California, sitting by designation.

The district court properly granted summary judgment to Newmont USA Limited (Newmont) on John Braaten's claim under the Age Discrimination in Employment Act (ADEA).

**1.** The district court correctly held that Braaten failed to establish a *prima facie* case of age discrimination. Because Braaten's replacement was less than 10 years younger than Braaten, the age difference is "presumptively insubstantial." *France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015). Braaten did not overcome that presumption "by producing additional evidence to show that the employer considered his . . . age to be significant." *Id.* Instead, he admitted that Newmont never discriminated against him before his termination; that no one involved in his termination made any age-related comments; and that he did not make an internal complaint of age discrimination during his termination, even though he knew he could.

**2.** The district court also correctly held that Braaten failed to raise a triable issue that Newmont's reason for terminating him was "unworthy of credence" and thus pretextual. *Diaz v. Eagle Produce Limited Partnership*, 521 F.3d 1201, 1212 (9th Cir. 2008) (citation omitted). Braaten's violation of Newmont's policy, which required him to report his DUI charge to Newmont, is a valid, non-pretextual reason for termination as long as Newmont "honestly believed" that reason.

*Villiarimo v. Aloha Island Air*, 281 F.3d 1054, 1063 (9th Cir. 2002) (citation omitted). Braaten did not create a material dispute as to the sincerity of Newmont's belief about its reason for his termination. Newmont expressed uncertainty as to whether it should give Braaten one reason for his termination (violating the reporting policy) or multiple reasons (violating the reporting policy, violating the short-term disability policy, and leaving work early). But having multiple consistent reasons for termination does not suggest that any one of them is pretextual. *See Diaz*, 521 F.3d at 1214.

Nor does Newmont's commitment to "progressive" discipline cast doubt on Newmont's sincerity in terminating Braaten for one violation. Under the progressive discipline policy, the severity of the discipline depends on the severity of the violation, and Braaten did not identify anyone who violated the reporting policy and was not terminated.

**AFFIRMED.**