
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE MOOREHEAD, | No. 17-15202 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-02542-JJT |
| v. | |
| HI-HEALTH SUPERMART CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted March 13, 2018
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and FEINERMAN,[**] District Judge.

**1.** The district court properly granted summary judgment to Hi-Health

Supermart Corporation on Christine Moorehead's Title VII retaliation claim. *See*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

42 U.S.C. § 2000e-3. Moorehead failed to establish a causal connection between her protected activity and her termination. The 12-year gap between the two events was too long to support an inference of retaliation. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 802 (9th Cir. 2003). Moorehead also received multiple bonuses during that period, and her supervisor ceased making statements about her protected activity more than one year before her termination. *See id.*

**2.** The district court properly granted summary judgment to Hi-Health on Moorehead's Age Discrimination in Employment Act claim. *See* 29 U.S.C. § 623. Moorehead's supervisor's repeated statements linking Moorehead's age to her performance go beyond "a stray remark," but they are not enough alone to defeat summary judgment. *See France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015). We therefore assess Moorehead's claim using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). Because Moorehead provided no evidence that the performance objectives she was required to meet were unreasonable, she has failed to raise a genuine issue of material fact as to whether Hi-Health's proffered non-discriminatory reason for terminating her—that she failed to meet her objectives—was pretextual. *See France*, 795 F.3d at 1175.

**AFFIRMED.**