**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMISON SORENSEN, | No. 17-56611 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01343-AB-JPR |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, DBA Amtrak; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before: KLEINFELD, NGUYEN, and R. NELSON, Circuit Judges.

Jamison Sorensen, plaintiff-appellant, appeals the district court's grant of

summary judgment. Sorensen claims that National Railroad Passenger

Corporation DBA Amtrak ("Amtrak") unlawfully terminated him for complaining

about Amtrak's attendance policy. We have jurisdiction under 28 U.S.C. § 1291

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and affirm in part, vacate in part, and remand for further proceedings consistent with this disposition.[1]

We review *de novo* the grant of summary judgment and consider the evidence in the light most favorable to Sorensen, the non-movant. *Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019).

Retaliation claims under the California Labor Code and Fair Employment and Housing Act ("FEHA") are assessed under the familiar three-step *McDonnell Douglas* burden-shifting framework. *See Yanowitz v. L'Oreal USA, Inc.*, 116 P.3d 1123, 1130 (Cal. 2005) (applying burden-shifting framework to FEHA claim); *Taswell v. Regents of the Univ. of Cal.*, 232 Cal. Rptr. 3d 628, 645 (Ct. App. 2018) (applying burden-shifting framework to retaliation claims including California Labor Code § 1102.5(b)). At step one, the plaintiff must make a prima facie case by showing "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz*, 116 P.3d at 1130. If the plaintiff establishes a prima facie case, "the employer is required to offer a legitimate, nonretaliatory reason for the adverse employment

---

[1] We decline to comment on claims or issues that the district court did not fully address because of its judgment.

2

action." *Id.* "If the employer produces a legitimate reason for the adverse employment action, the presumption of retaliation 'drops out of the picture,' and the burden shifts back to the employee to prove intentional retaliation." *Id.* (quoting *Morgan v. Regents of the Univ. of Cal.*, 105 Cal. Rptr. 2d 652, 665 (Ct. App. 2000)).

The district court erred in finding no "causal link" between Sorensen's late October 2015 complaints and his termination on December 3, 2015. Rather than calculating temporal proximity from the latest of Sorensen's complaints, the district court accepted Amtrak's argument that temporal proximity should be measured from the first of Sorensen's complaints in 2011. But as the district court acknowledged, taking the evidence in the light most favorable to Sorensen, temporal proximity should have been calculated "between the last incident of protected activity before he [was] terminated" and the termination. An employee who is terminated for a later complaint may still be considered to have been retaliated against for making that later complaint, even if he had previously raised the same or similar concerns. *See Loggins v. Kaiser Permanente Int'l*, 60 Cal. Rptr. 3d 45, 52 (Ct. App. 2007) (considering temporal proximity based on last of numerous complaints). An employer may find the later complaint uniquely

3

objectionable, even if finding earlier ones permissible, or the last complaint may also, as Sorensen argues in this case, be the final straw.

Amtrak's only other argument for not calculating temporal proximity from the latest of Sorensen's complaints was that the latest complaints were to Wendy Mora, a person in HR, who allegedly had no role in the termination. But Rita Crozier, the purported decisionmaker, explained that she "consulted" with HR personnel before making her decision and Sorensen said that Mora "approved" the termination. As a result, there is evidence to suggest that Mora, even if not the "ultimate decisionmaker," was a "causal factor" in the ultimate termination decision. *See Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1281 (9th Cir. 2017) (quoting *Staub v. Proctor Hosp.*, 562 U.S. 411, 421 (2011)).

The district court also erred by holding that Sorensen failed to provide sufficient evidence to rebut Amtrak's proffered legitimate, non-retaliatory reason for termination—that Sorensen overrode vacation thresholds for employees using the Electronic Work Force Management Program ("Work Force Program"). *See Light v. Dep't of Parks & Recreation*, 221 Cal. Rptr. 3d 668, 684 (Ct. App. 2017) (holding that pretext is one way to rebut an employer's legitimate, non-retaliatory reason for termination). Sorensen provided specific, non-conclusory, and "substantial" "circumstantial evidence" that the reason for his termination was

pretext. *See France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015) ("[T]his 'specific and substantial' standard 'is tempered by our observation that a plaintiff's burden to raise a triable issue of pretext is hardly an onerous one.'" (citation omitted)). In particular, Sorensen explained that he overrode the thresholds "as instructed" by Crozier. Sorensen also explained that Crozier gave this instruction to him and another employee in August or early September 2015. And Sorensen further testified that this instruction was given in person. Nothing about these specific facts is conclusory. *Cf. Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that *states only conclusions* and not facts that would be admissible evidence.") (emphasis added).

If credited, Sorensen's testimony is strong evidence that the overriding of thresholds was not the actual reason for termination. *Nelson v. City of Davis*, 571 F.3d 924, 928–29 (9th Cir. 2009) (considering significance of evidence "[i]f . . . credited"); *see also Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1033 (9th Cir. 2006) (same). As Amtrak admits, Crozier was the principal decisionmaker behind Sorensen's termination. That Crozier instructed Sorensen to knowingly break company rules and then fired him on that basis would support an inference of retaliation—a jury could conclude either (1) that it was not really a

violation or (2) that Crozier set Sorensen up. *See Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1247 (6th Cir. 1995) (holding that "plaintiff [had] presented evidence that he was ordered to open the restaurant by . . . his boss' wife" and that, "[i]n considering the pretext issue on remand, the district court should consider [such] evidence"), *overruled on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 (2009). There is no indication that Amtrak *required* or *pressured* Crozier to terminate Sorensen because of any purported rule violation. As Crozier explained, the *discretionary* decision was ultimately hers to make. The district court erred by disregarding Sorensen's testimony in favor of contrary rebuttal evidence offered by Amtrak.[2]

This case also does not merit the application of the rarely used "sham" evidence rule. Under that rule, "a party cannot create an issue of fact" by "contradicting" his prior testimony. *Nelson*, 571 F.3d at 927. "The rationale underlying the . . . rule is that a party ought not be allowed to manufacture a bogus dispute with *himself* to defeat summary judgment." *Id.* at 928 (emphasis in original). Although Sorensen offered several pieces of evidence that failed to

---

[2] Before the district court, Amtrak also argued that Sorensen was specifically instructed not to go above the threshold for Debra Trevizo. The evidence Amtrak provides, however, is not free from ambiguity and an insufficient basis to grant summary judgment.

*corroborate* his contention that Crozier authorized him to override the thresholds, neither Sorensen's testimony nor other evidence was self-contradictory. Indeed, the district court's contention that Sorensen had claimed that Crozier had "instructed him in an August 2015 *email* to grant requests by overriding" the Work Force Program is belied by the record. Sorensen specifically stated that "[he had] never claimed" that the email in question provided him the authority to override the thresholds. Instead, Sorensen indicated that the email was evidence that he would soon be overriding the thresholds—at most the email is failed corroboration of authorization. All the other evidence the district court relied on is evidence provided by other witnesses requiring application of the traditional summary judgment standard. *See Nelson*, 571 F.3d at 929 ("A judge must not grant summary judgment based on his determination that one set of facts is more believable than another."); *see also United States v. Stein*, 881 F.3d 853, 859 (11th Cir. 2018) (en banc) (J. Pryor, concurring) (explaining that finding "self-serving" evidence insufficient to create a material dispute not only "ha[s] no basis in law . . . [b]ut . . . also flout[s] the history of the right to a jury trial in civil cases."); *cf. Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (holding court could reject claims that were visibly contradicted by videotape evidence).

And the evidence Sorensen offers is not merely his "own [subjective] beliefs" as the district court found. Either Crozier "instructed" Sorensen to override the vacation thresholds or she did not. There is nothing "subjective" about whether that conversation did or did not happen.[3]

Finally, Sorensen offered additional evidence to supplement his claim of pretext. Kevin Porter, another Amtrak employee, stated that Crozier and others had a history of targeting employees who complained about policies. Sorensen also testified that he was threatened by McCaffrey after complaining that the attendance policy was illegal. And even one of Sorensen's performance reviews states that Sorensen "spen[t] too much time challenging his peers in area[s] of policy and procedure." This evidence all reinforces Sorensen's claim that the overriding of thresholds was not the actual reason for termination.

For these reasons, we vacate the district court's grant of summary judgment as to the California Labor Code and FEHA retaliation claims. We also vacate the district court's judgment as to the FEHA failure to prevent and public policy claims since they were dismissed as being derivative of the retaliation claims.

---

[3] Nor can Amtrak avail itself of the "honest belief" doctrine. Crozier, the primary decisionmaker, would have known whether she authorized Sorensen to go over the thresholds or not. *Cf. Wills v. Super. Ct.*, 125 Cal. Rptr. 3d 1, 23 (Ct. App. 2011), *as modified on denial of reh'g* (May 12, 2011).

We affirm, however, the grant of summary judgment as to the FEHA associational disability discrimination claim. The "FEHA . . . forbids discrimination based on a person's association with a person with a physical disability." *Castro-Ramirez v. Dependable Highway Express, Inc.*, 207 Cal. Rptr. 3d 120, 143 (Ct. App. 2016). Sorensen admitted that he did not believe that anyone at Amtrak associated him with employees that filed for medical leave.

**AFFIRMED in part, REVERSED in part, REMANDED.**

Costs are awarded in favor of appellant.