**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN F. KOCIENSKI, | No. 18-15524 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00905-JCM-CWH |
| v. | |
| NRT TECHNOLOGIES, INC., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 4, 2019
San Francisco, California

Before: THOMAS, Chief Judge, and W. FLETCHER and MILLER, Circuit
Judges.

John Kocienski appeals the district court's grant of summary judgment in

favor of NRT Technologies. We reverse and remand for further proceedings.

Because the parties are familiar with the factual and procedural history, we need

not recount it here.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review a district court's grant of summary judgment *de novo* and uphold a grant of summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 269 (9th Cir. 1996). When a plaintiff relies on both direct and circumstantial evidence under the Age Discrimination in Employment Act, the court applies the three-stage burden-shifting framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), which requires the plaintiff to make a prima facie showing of discrimination. The burden then shifts to the employer to articulate a nondiscriminatory explanation for the termination, and if the employer does this then the plaintiff bears the burden of establishing pretext. *Id.* We consider the cumulative effect of the direct and circumstantial evidence to determine whether summary judgment is proper. *See France v. Johnson*, 795 F.3d 1170, 1175 (9th Cir. 2015).

Because the parties concede that Kocienski has established a prima facie case of age discrimination and that NRT proffered facially legitimate reasons for his termination, only the third step in the *McDonnell Douglas* framework is at issue here.

Viewing the facts in the light most favorable to Kocienski, *Bradley*, 104 F.3d at 269, Kocienski has provided sufficient direct and circumstantial evidence to create a genuine issue of material fact as to pretext. There were many remarks alleged to have been made by company executives about Kocienski's age during his employment. Most importantly, Kocienski's direct supervisor testified that the president of NRT expressed a desire to fire Kocienski because he was "just too old." The fact that this alleged statement was presented through testimony from someone other than the plaintiff "strengthens its value as direct evidence of discriminatory intent." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1128 n.13 (9th Cir. 2000). In short, because a "reasonable trier of fact [could] conclude that discrimination had occurred" based on the particularities of the incidents that Kocienski alleged, this evidence went beyond mere stray remarks. *Dominguez-Curry v. Nev. Transp. Dept.*, 424 F.3d 1027, 1035, 1038 (9th Cir. 2005) (quotations and citation omitted).

Furthermore, NRT's stated rationale for Kocienski's termination was not provided to him at the time he was fired. "[D]oubt is cast on an employer's proffered reasons for why an employee was laid off where a straightforward answer was not given when he or she was terminated, but later is provided during litigation." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1286 (9th Cir. 2000).

3

Kocienski also provided circumstantial evidence that NRT deviated from its progressive discipline policy when it terminated him, which raises an issue of triable fact at the pretext stage. *See Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1117 (9th Cir. 2011).

Because there is a disputed question of fact as to which person hired Kocienski, the "same actor" inference does not apply at the summary judgment stage. *See Bradley*, 104 F.3d at 270–71.

In sum, the cumulative effect of the evidence tendered by Kocienski gives rise to a material dispute of fact on the issue of pretext. *Chuang*, 225 F.3d at 1127. Therefore, the entry of summary judgment was inappropriate.

**REVERSED AND REMANDED.**