NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CEDRIC R. COE, | No. 18-56535 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-08907-SVW-MRW |
| v. | |
| ROBERT WILKIE[*], | MEMORANDUM[**] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted September 8, 2020[***]

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Cedric R. Coe appeals pro se from the district court's summary judgment

and dismissal order in his employment action alleging discrimination and

retaliation under Title VII and the Age Discrimination in Employment Act

---

[*]     Robert Wilkie has been substituted for his predecessor, David J. Shulkin, as Secretary of Veterans Affairs under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("ADEA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Coe's age discrimination and retaliation claims arising from the failure to promote him in 2015 because Coe failed to state a prima facie case of age discrimination or retaliation. *See France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015), *as amended on reh'g* (Oct. 14, 2015) ("[A]n average age difference of ten years or more between the plaintiff and the replacements will be presumptively substantial, whereas an age difference of less than ten years will be presumptively insubstantial."); *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012) (setting forth the elements of ADEA claim and the burden-shifting framework); *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 894 (9th Cir. 2005) (burden-shifting framework applies to Title VII retaliation claims).

The district court properly dismissed Coe's remaining claims because Coe failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642, 646 (9th Cir. 2003) (elements of hostile work environment, harassment, and retaliation claims under Title VII); *Leong v. Potter*,

347 F.3d 1117, 1124 (9th Cir. 2003) (elements of discrimination claim under Title VII).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**