NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLIFFORD MERLO, | No.    22-55503 |
| Plaintiff-Appellant, | D.C. No.<br>2:19-cv-05078-ODW-JC |
| v. | |
| DENIS MCDONOUGH, Secretary of<br>Veterans Affairs, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted June 5, 2023
Pasadena, California

Before:  M. SMITH, HAMILTON,[**] and COLLINS, Circuit Judges.

Dr. Clifford Merlo appeals the district court's order granting summary

judgment to Denis McDonough, the Secretary of Veterans Affairs (VA).  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David F. Hamilton, United States Circuit Judge for the
U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

The parties' familiarity with the briefing and record is assumed, and the applicable standards of review are well-established. *See, e.g.*, *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 888 (9th Cir. 1994). We reverse the district court's order granting summary judgment on (1) Dr. Merlo's age discrimination claim regarding both the non-renewal of his temporary appointment and his non-selection for a permanent position, and (2) his retaliation claim pertaining to his non-selection for a permanent position. This (3) moots Dr. Merlo's arguments that the district court improperly ruled on the summary judgment motion while a motion to compel further discovery was still pending and abused its discretion by disregarding portions of his separate statement of disputed facts. Finally, (4) the award of costs is reversed.

1.      The district court erred in granting summary judgment on Dr. Merlo's age discrimination claim. The record contains evidence that Dr. Merlo's supervisor told him that he was getting older and needed to retire to make room for two younger residents. This constitutes direct evidence of age discrimination. *See France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015) ("Direct evidence, in the context of an ADEA claim, is defined as evidence of conduct or statements by persons involved in the decision-making process that may be viewed as directly reflecting the alleged discriminatory attitude . . . sufficient to permit the fact finder to infer that that attitude was more likely than not a motivating factor in the employer's decision." (citation and emphasis omitted)). Therefore, the *McDonnell Douglas* burden-

2

shifting framework does not apply. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 812 (9th Cir. 2004). Rather, where a person over forty years of age suffers an adverse employment decision, "[d]irect evidence . . . standing alone can defeat summary judgment." *France*, 795 F.3d at 1173. Here, it is undisputed that Dr. Merlo was in his sixties at the time of the non-renewal of his temporary appointment and non-selection for a permanent position. As such, the direct evidence in this case is sufficient to overcome summary judgment on Dr. Merlo's age discrimination claim.

2.      The district court also erred in granting the VA summary judgment regarding Dr. Merlo's retaliation claim. Retaliation claims brought under the ADEA proceed under the *McDonnell Douglas* burden-shifting framework. *See Wallis*, 26 F.3d at 889–92. Under this framework, a plaintiff must first establish a prima facie case of retaliation by showing that: "[1] he engaged in a protected activity; [2] he suffered an adverse employment decision; and [3] there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).[1] If the plaintiff can make out

---

[1]      "[T]he ADEA anti-retaliation provision is parallel to the anti-retaliation provision contained in Title VII, and . . . cases interpreting the latter provision are frequently relied upon in interpreting the former." *Hashimoto v. Dalton*, 118 F.3d 671, 675 n.1 (9th Cir. 1997) (quotation marks and citation omitted); *see also Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1420 (9th Cir. 1990) ("The shifting burden of proof applied to a Title VII discrimination claim also applies to claims arising under ADEA.").

such a case, the burden shifts to the employer to show that the adverse employment action was made for a legitimate, non-retaliatory reason. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). And if such a reason is articulated, the plaintiff must show that the reason is pretextual to prevail. *Id.*

Dr. Merlo made out a prima facie case of retaliation. Dr. Merlo raised an informal complaint of age discrimination on December 12, 2014. He also filed a formal age discrimination complaint on June 26, 2015. Filing those complaints constituted protected activity. He also suffered multiple adverse employment actions: first, when the VA decided not to renew his temporary term of employment, and again, when the VA failed to hire him for the permanent position from either the June 19, 2015 or October 29, 2015 job announcement. As to the non-renewal of his temporary employment, Dr. Merlo's complaints cannot provide the basis of a retaliation claim because the VA decided not to renew his final term *before* he ever complained. Dr. Merlo does not appear to appeal the district court's summary judgment order as to this adverse decision. However, the record indicates that the relevant VA officials were aware of Dr. Merlo's complaints before deciding not to hire him for the permanent position. Indeed, the relevant supervisor at the VA learned of Dr. Merlo's formal complaint just weeks before deciding to hire another candidate for the position. In light of this timing, we can infer that there was a causal link between Dr. Merlo's age discrimination complaint and the decision not to hire

4

him. *See Thomas v. City of Beaverton*, 379 F.3d 802, 812 (9th Cir. 2004); *Yartzoff v. Thomas*, 809 F.2d 1371, 1375–76 (9th Cir. 1987).

The VA provides several non-retaliatory reasons for deciding not to hire Dr. Merlo for a permanent position: misconduct and poor performance, lack of interest or training in modern radiological techniques, and failure to produce published research or medical scholarship during his tenure at the VA, as well as the existence of more qualified applicants. However, Dr. Merlo put forth enough evidence that those reasons were pretextual to survive summary judgment. Dr. Merlo received uniformly positive performance reviews during his tenure at the VA. The VA also admitted in an administrative proceeding that Dr. Merlo's performance was satisfactory. Moreover, Dr. Merlo testified that he had experience with many of the techniques listed in the job announcement for the permanent position with the VA. The record also indicates that he submitted work to a medical journal during his time at the VA. Furthermore, while the physician who was ultimately hired for the permanent position had research experience, the vast majority of that work took place in junior capacities in college and medical school—not in leading roles during his time as a practicing radiation oncologist. This departure from the VA's stated hiring standards calls into question the honesty of the reasons the VA gave for not selecting Dr. Merlo for a permanent position. Along with the temporal proximity between Dr. Merlo filing his formal complaint and the VA's decision to select

5

another candidate, the facts permit a reasonable inference that the VA's "proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002) (quotation marks omitted).

3.      Our decision to reverse summary judgment as to the claims raised on appeal moots Dr. Merlo's arguments regarding the district court's refusal to consider portions of Dr. Merlo's separate statement of facts and its failure to rule on a pending motion to compel prior to granting summary judgment.

4.      Because the judgment and summary judgment order are reversed, the cost award is also reversed. *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997).

**REVERSED.**