FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BRIAN CALDRONE, an individual;
JOSEPH CELUSTA, an individual;
KATHLEEN STAATS, an
individual,

*Plaintiffs - Appellants*,

v.

CIRCLE K STORES INC., a Texas
Corporation,

*Defendant - Appellee*,

and

CROSS AMERICA PARTNERS,
LP, a Delaware Limited Partnership,

*Defendant*.

No. 24-1432

D.C. No.
5:21-cv-00749-
GW-kk

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted June 6, 2025
Pasadena, California

Filed October 3, 2025

Before: Andrew D. Hurwitz, Eric D. Miller, and Jennifer Sung, Circuit Judges.

Opinion by Judge Miller

## SUMMARY[*]

### Employment Discrimination

The panel reversed the district court's grant of summary judgment in favor of Circle K Stores, Inc., and remanded, in an employment discrimination action brought under the Age Discrimination in Employment Act and the California Fair Employment and Housing Act.

Three plaintiffs alleged that Circle K illegally denied them the opportunity to apply for, and ultimately secure, a promotion to West Coast regional director because of their age. Applying the *McDonnell Douglas* three-step burden-shifting framework, the district court concluded that plaintiffs failed to establish a prima facie case giving rise to an inference of discrimination because they did not apply for the regional director position. The district court concluded, alternatively, that at step two of the *McDonnell Douglas* analysis, Circle K offered a legitimate, nondiscriminatory justification for its decision, and at step three, plaintiffs did

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

not establish a triable issue whether the proffered reason was a pretext for discrimination.

To establish a prima facie case of age discrimination, plaintiffs must demonstrate that (1) they were at least 40 years old, (2) they were qualified for the position they sought, (3) they were denied the position, and (4) the promotion was given to a substantially younger person. The panel held that to establish the second component, plaintiffs are not required to demonstrate that they submitted an application when, as here, their employer declines to solicit applications and does not announce that a position is available. The panel also held that, although ten years is the presumptive threshold for a substantial age difference, a plaintiff can overcome that presumption by producing additional evidence to show that the employer considered his or her age to be significant.

Because all three plaintiffs therefore established a prima facie case, the panel proceeded to steps two and three of the *McDonnell Douglas* analysis. At step two, Circle K articulated a legitimate, nondiscriminatory reason for selecting another candidate to be West Coast regional director by asserting that he was the only person to express interest in the position, and his prior experience as the Southeast regional director made him uniquely suited for the role. At step three, however, plaintiffs presented enough evidence to create a triable issue on pretext, making summary judgment inappropriate.

**COUNSEL**

Joseph S. Klapach (argued), Klapach & Klapach PC, Sherman Oaks, California; Shelly D. McMillan, McMillan & Herrell, Los Angeles, California; for Plaintiffs-Appellants.

Maria C. Rodriguez (argued), Amanda D. Murray, Christopher A. Braham, and Elvira R. Kras, McDermott Will and Emery LLP, Los Angeles, California; for Defendant-Appellee.

**OPINION**

MILLER, Circuit Judge:

Plaintiffs Brian Caldrone, Joseph Celusta, and Kathleen Staats are former employees of Circle K Stores, a chain of convenience stores and fuel stations with nearly 10,000 North American locations. Plaintiffs sued Circle K for employment discrimination, alleging that Circle K denied them a promotion because of their age. The district court granted summary judgment to Circle K. We reverse and remand.

I

Before 2020, plaintiffs were employed at Circle K as Dealer Business Managers (DBMs). Among other responsibilities, DBMs assist fuel station operators by providing advice on pricing, customer service, and station appearance. DBMs report to regional directors who oversee particular geographic areas.

Plaintiffs were, by all accounts, exemplary DBMs. They each received strong performance reviews and earned company awards for their work. Their performance put them in line for promotion to the regional-director level, an opportunity in which they all expressed interest.

Around January 2020, the position of West Coast regional director became available. Despite their impressive track records and indications of interest in promotion, plaintiffs were not given a chance to apply for the position. Instead, without soliciting applications, Circle K chose Miko Angeles for the role. Angeles had previously served as the Southeast regional director and, before that, as a DBM. At the time, Caldrone, Celusta, and Staats were 54.4, 55.8, and 56.9 years old, respectively. Angeles was 45.2 years old.

Plaintiffs sued Circle K in California state court. Circle K removed the case to federal district court and moved to dismiss. Two claims survived Circle K's motion to dismiss—one under the federal Age Discrimination in Employment Act of 1967 (ADEA), Pub. L. No. 90-202, 81 Stat. 602 (29 U.S.C. §§ 621 *et seq.*), and one for age discrimination under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §§ 12900 *et seq*. Both claims were premised on the theory that Circle K illegally denied plaintiffs the opportunity to apply for, and ultimately secure, the promotion to West Coast regional director because of their age. (As plaintiffs acknowledge, there is only one position at issue here, so all three plaintiffs could not have been promoted to it. That fact may affect the jury's determination of liability and any award of damages, but it is not relevant to the issues before us.)

Circle K moved for summary judgment, and the district court applied the three-step burden-shifting framework

established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that framework, the plaintiff has the initial burden of establishing a prima facie case giving rise to an inference of discrimination. *Id.* at 802. If the plaintiff carries that burden, the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for its decision. *Id.* If the employer does so, the burden shifts back to the plaintiff to prove that the proffered reason is a pretext for discrimination. *Id*. at 804.

The district court held that establishing a prima facie case required plaintiffs to show that they applied for the West Coast regional-director position. Because plaintiffs conceded that they did not apply for the position, the district court determined that their claims failed at step one. In doing so, the district court rejected plaintiffs' asserted justification for their failure to apply: that Circle K did not call for applications, as it had in the past. It concluded that plaintiffs' evidence demonstrating that Circle K had a policy of soliciting applications internally was inadmissible hearsay and that, even if such a policy existed, there was no evidence that Circle K's deviation from that policy in this instance was motivated by ageist animus. In addition, the district court concluded that Caldrone could not establish a prima facie case because he is only 9.3 years older than Angeles, an age gap too small to give rise to a presumption of discrimination. *See France v. Johnson*, 795 F.3d 1170, 1174 (9th Cir. 2015).

Although the district court's step-one determinations resolved plaintiffs' claims, the district court also presented an alternative analysis under the remaining steps of the *McDonnell Douglas* framework. At step two, the district court held that Circle K had offered a legitimate, nondiscriminatory justification for its decision: that Angeles was the only one to express interest in the position and that

his prior experience as the Southeast regional director made him uniquely qualified.

The district court thus proceeded to the final step of the *McDonnell Douglas* framework. To show pretext, plaintiffs first pointed to evidence that George Wilkins, the Circle K executive who they claim selected Angeles to be a regional director, exhibited animus by disparaging older employees because of their age and pushing them to retire. But the district court dismissed that evidence as irrelevant because it concluded that the evidence showing that Wilkins selected Angeles was inadmissible hearsay.

Plaintiffs also attempted to show pretext by offering declarations explaining that Angeles performed poorly as the Southeast regional director and, before that, as a DBM, which—if credited—would undermine Circle K's explanation that Angeles was uniquely qualified for the role. The district court dismissed that evidence too, concluding that it merely reflected the declarants' "opinion" about Angeles's performance and was too speculative to create a triable issue on pretext.

The district court entered judgment for Circle K, and plaintiffs appealed. "We review a district court's grant of summary judgment de novo and, viewing the evidence in the light most favorable to the non-movant, determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Teradata Corp. v. SAP SE*, 124 F.4th 555, 572 (9th Cir. 2024) (quoting *Honey Bum, LLC v. Fashion Nova, Inc.*, 63 F.4th 813, 819 (9th Cir. 2023)).

II

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To show that an employer took an adverse action "because of" age, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). A plaintiff can make such a showing using the three-part burden-shifting framework established in *McDonnell Douglas*. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996); *France*, 795 F.3d at 1173. A similar analysis applies to the FEHA claim. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113 (Cal. 2000) (explaining that "[b]ecause of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent," including *McDonnell Douglas*, in FEHA age-discrimination cases).

Like the district court, we begin by assessing whether plaintiffs established a prima facie case of age discrimination. *See McDonnell Douglas*, 411 U.S. at 802. In failure-to-promote cases, we have held that establishing a prima facie case requires plaintiffs to demonstrate that (1) they were at least 40 years old at the time, (2) they were qualified for the position they sought, (3) they were denied the position, and (4) the promotion was given to a substantially younger person. *See France*, 795 F.3d at 1174; *Shelley v. Geren*, 666 F.3d 599, 608 (9th Cir. 2012); *see also* 29 U.S.C. § 631(a) (limiting the protections of the ADEA "to individuals who are at least 40 years of age"). There is no dispute that the plaintiffs established the first and third components.

The district court concluded that plaintiffs could not establish the second component because they did not apply for the West Coast regional-director position. We acknowledge that the language of some of our cases suggests that the plaintiff must apply for the position in question. For instance, in *Shelley*, we articulated the second component as requiring the plaintiff to show that he was "qualified for the position *for which an application was submitted*." 666 F.3d at 608 (emphasis added). And in *Steckl v. Motorola, Inc.*, we held that a plaintiff established a prima facie case because "[h]e was clearly within the protected class, *had applied for an available position* for which he was qualified, and was denied a promotion which was given to a younger person." 703 F.2d 392, 393 (9th Cir. 1983) (emphasis added).

That requirement makes sense in many cases. If an employer selects a candidate for promotion from a pool of applicants, it is reasonable to infer that a plaintiff who fails to put himself in the running has that failure—and not any protected characteristic—to blame for not being promoted. But the Supreme Court has explained that "the specification . . . of the prima facie proof required from [a plaintiff] is not necessarily applicable in every respect to differing factual situations." *McDonnell Douglas*, 411 U.S. at 802 n.13; *see also Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575 (1978) (explaining, in a racial-discrimination case, that the four-part prima facie case "was not intended to be an inflexible rule"). And it makes little sense to require plaintiffs to demonstrate that they submitted an application when an employer declines to solicit applications and does not announce that a position is available.

That is the lesson of *Reed v. Lockheed Aircraft Corp.*, 613 F.2d 757 (9th Cir. 1980). There, we reviewed the district court's grant of summary judgment to an employer in a sex-

discrimination case under Title VII of the Civil Rights Act of 1964. *See id.* at 758–59. Reed brought a failure-to-promote claim, alleging that Lockheed favored men when evaluating candidates for promotion and selection for training programs. *See id.* at 761. Lockheed argued that Reed could not state a claim under Title VII because she "never was personally denied admission to a training program or denied promotion." *Id.* at 761. But we described that as "immaterial" because Reed alleged that employees at Lockheed "did not apply for training or for promotion but instead had to be sought out." *Id.* We declined to penalize Reed for failing to submit an application because Lockheed's system of promotion denied her "notice of an opening." *Id.*

So too here. Plaintiffs' theory of the case is that Circle K declined to accept applications for the West Coast regional-director position because it wanted to handpick a younger candidate. Circle K concedes that it did not seek applications, asserting that it "decided there was no need to open the [role] for applications, internally or externally, because Angeles laterally moving into the West Coast Regional Director position was a decision that made business sense for Circle K." As in *Reed*, Circle K's decision not to accept applications obviated plaintiffs' obligation to submit them.

Contrary to the district court's understanding, it does not matter *why* Circle K did not open the West Coast regional-director position to applications. Plaintiffs need not show that Circle K somehow acted improperly in not soliciting applications. The ADEA does not require an employer to solicit applications, or, indeed, to use any specific process in deciding which employees to promote. At the first step of the *McDonnell Douglas* inquiry, the question is simply whether

the plaintiff has established that the employer took actions that, if inadequately explained, give rise to an inference of age discrimination. *See EEOC v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990); *White v. City of San Diego*, 605 F.2d 455, 458 (9th Cir. 1979). And if plaintiffs had no way to submit an application—whatever the reason—their failure to do so does nothing to weaken any inference of age discrimination that the other elements of the prima facie case create. Because there is no dispute that Circle K did not give plaintiffs the opportunity to apply for the West Coast regional-director position, plaintiffs have established the second component of a prima facie case.

Although the parties agree that Celusta and Staats established the fourth component of a prima facie case, the district court held that Caldrone could not do so because Angeles is only 9.3 years younger than Caldrone and therefore is not "substantially younger" than him. *O'Connor*, 517 U.S. at 313; *France*, 795 F.3d at 1174. In *France*, we held that "an average age difference of ten years or more between the plaintiff and the replacements will be presumptively substantial, whereas an age difference of less than ten years will be presumptively insubstantial." 795 F.3d at 1174.

Although 10 years is the presumptive threshold for a substantial age difference, a plaintiff can overcome that presumption by "producing additional evidence to show that the employer considered his or her age to be significant." *France*, 795 F.3d at 1174; *accord Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 893 (7th Cir. 1997) ("Ten years is a reasonable threshold . . . . Yet the line we draw is not so bright as to exclude cases where the gap is smaller but evidence nevertheless reveals the employer's decision to be motivated by the plaintiff's age."). In *France*, the plaintiff

successfully rebutted the presumption with evidence that the hiring manager "explicitly expressed a preference for promoting younger [employees]" and "had repeated retirement discussions with [the plaintiff] soon before the posting of the [vacancy], in spite of [the plaintiff's] personal inclination not to retire." 795 F.3d at 1174. That evidence, we concluded, sufficed to show that the employer "considered age in general to be significant in making its promotion decisions, and that [the hiring manager] considered [the plaintiff's] age specifically to be pertinent in considering [the plaintiff's] promotion." *Id.*

Caldrone produced similar evidence. Celusta declared that George Wilkins—the Circle K executive who plaintiffs assert chose Angeles—told him that he was "out of touch" and "too old for this business" after he told Wilkins that he was 56. Wilkins also encouraged Celusta to "start thinking about retiring." Thomas Maloney, who previously served as the Midwest regional director, declared that Gerardo Valencia—Wilkins's boss—"press[ed] [him] to remove older employees for no business reasons." And Staats declared that Maloney told her that Valencia and Wilkins "wanted only younger people with MBAs." That evidence may or may not convince a jury that the ultimate promotion decision was based on age, but for purposes of establishing a prima facie case, it creates an issue of fact about whether Circle K "considered age in general to be significant in making its promotion decisions." *France*, 795 F.3d at 1174.

We recognize that, unlike the plaintiff in *France*, Caldrone has not offered evidence that Circle K "considered [his] age specifically to be pertinent in considering [his] promotion." *France*, 795 F.3d at 1174. In *France*, however, we did not consider whether such plaintiff-specific evidence is required to overcome the presumption, much less hold that

it is. *Id*. Rather, we explained that "[t]he plaintiff can produce either direct or circumstantial evidence to show that the employer considered age to be a significant factor," and we described the nature of the evidence that the plaintiff presented to explain our conclusion that his evidence was sufficient. *Id.* In any event, Circle K has not argued that *France* requires evidence at that level of particularity. Instead, its position appears to be that Caldrone has not provided *any* admissible evidence to overcome the presumption that his 9.3-year age gap is insignificant. As demonstrated above, that is incorrect. We therefore conclude that Caldrone has established a prima facie case of age discrimination.

Because all three plaintiffs established a prima facie case, we proceed to step two of the *McDonnell Douglas* framework, which requires Circle K to articulate a legitimate, nondiscriminatory reason for selecting Angeles to be the West Coast regional director. *See* 411 U.S. at 802–03. As noted, Circle K asserts that it selected Angeles because he was the only person to express interest in the position and because his prior experience as the Southeast regional director made him uniquely suited for the role. Those are legitimate, nondiscriminatory rationales.

We therefore move to the final step of the *McDonnell Douglas* framework, which requires plaintiffs to raise a triable issue of fact whether a facially legitimate rationale was pretextual. *See* 411 U.S. at 804. Plaintiffs may do so "either directly by persuading the court that a discriminatory reason likely motivated [the employer] or indirectly by showing that [the employer's] proffered explanation is unworthy of credence." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1212 (9th Cir. 2008) (quoting *Snead v.*

*Metropolitan Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1093–
94 (9th Cir. 2001)).

Plaintiffs have presented enough evidence to create a
triable issue on pretext. First, there is the evidence, recounted
above, that Wilkins made ageist comments to older
employees, expressed a desire to promote younger
candidates, and encouraged older employees to retire. The
district court deemed that evidence irrelevant because it
believed that plaintiffs had not produced any admissible
evidence showing that Wilkins was involved in the selection
of Angeles.

That was error. Maloney declared that it was Circle K's
policy for the vice president to whom the regional director
would report to select that regional director. When Angeles
was selected to be the West Coast regional director, Wilkins
was the vice president to whom the new West Coast regional
director was to report. A jury crediting that evidence could
reasonably infer that Circle K followed its internal policy in
this instance, which would mean that Wilkins selected
Angeles. And if the jury also credited the evidence about
Wilkins's ageist animus, it could reasonably infer that he
denied plaintiffs the opportunity to seek the West Coast
regional-director position because of their age.

Second, plaintiffs offered evidence that casts doubt on
the quality of Angeles's experience at Circle K. Maloney
declared that Angeles's performance as the Southeast
regional director was woefully subpar. According to
Maloney's declaration, Angeles was responsible for 231
dealers as the Southeast regional director but managed to
meet with only 10. And although regional directors are
expected to visit each State in their region at least quarterly,
Angeles traveled to Florida and North Carolina only once in

more than a year. The situation, in Maloney's telling, became so bad that he was "forced to assist [Angeles] with management of his region by managing some of his DBMs."

Nor does it appear to be undisputed that Angeles produced a record as a DBM that was worthy of promotion. Maloney declared that as his direct report, Angeles was "timid and lacking confidence, . . . interpersonal skills, industry knowledge, . . . entrepreneurial vision, [and] general leadership skills." Angeles's productivity scores put him in the 30th percentile of his DBM peer group. So extreme was Angeles's underperformance that Maloney declared that he ought to have been disqualified from promotion under Circle K's policies. The district court dismissed this evidence in a footnote, characterizing it as nothing more than Maloney's "opinion." Even so, that opinion was based on objective performance metrics—metrics that a jury could infer that Circle K management likely knew about.

Third, plaintiffs have produced evidence suggesting that Circle K's decision not to advertise the West Coast regional-director position to its employees was a deviation from its standard policy. Plaintiffs presented four declarations stating that when a position became available, Circle K would inform its employees of the vacancy either through email or its intranet. Because it is undisputed that Circle K knew about plaintiffs' interest in a promotion, a jury could infer that this deviation was an attempt to prevent plaintiffs from applying for the role. That would undercut Circle K's explanation that it chose Angeles because he was the only person to express interest in the position.

The district court concluded that the declarations were inadmissible hearsay. Under Federal Rule of Evidence 801, hearsay is an out-of-court statement offered "to prove the

truth of the matter asserted in the statement." Plaintiffs' declarations were not offered to establish the truth of any out-of-court statements but merely to establish Circle K's pattern of conduct—namely, its prior practice of announcing vacancies. Although the declarations arguably refer to out-of-court statements—the job listings themselves—plaintiffs are not offering those statements for their truth because they are not attempting to show that the positions at issue in the prior announcements actually were available. All that matters is that the statements were made and that they provide evidence of a policy of posting job openings internally. The declarations are not hearsay.

The district court also determined that, even if Circle K had a policy of posting jobs internally at some point before 2020, there was no evidence that its deviation from that policy in this instance was motivated by ageist animus. But that is what a jury could infer if plaintiffs succeed in proving that Circle K's decision not to post the vacancy was a deviation from its normal policy, made with knowledge of plaintiffs' interest in a promotion. Plaintiffs have thus raised a material dispute of fact as to whether Circle K's proffered explanation for selecting Angeles was pretext for illegal discrimination, making summary judgment inappropriate.

**REVERSED and REMANDED.**